```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
GREGORY JOHN FISCHER,

                Plaintiff,

        -against-
                                        MEMORANDUM AND ORDER
                                        07-CV-4871(JS)(ARL)

ASHLEY ANNE CLARK,

                Defendant.
-------------------------------X
Appearances:
For Plaintiff:     Gregory John Fischer, pro se
                   P.O. Box 285
                   Calverton, New York 11933

For Defendant:     No appearance.
```

SEYBERT, District Judge:

Pending before the Court is a petition for removal filed by Plaintiff Gregory John Fischer ("Plaintiff") of several actions filed in the state court for Sweetwater County, Wyoming. Plaintiff's amended complaint, filed on November 26, 2007, asserts that this Court has jurisdiction over the Wyoming actions pursuant to 18 U.S.C. § 1073. Plaintiff's underlying complaint asserts against Defendant Ashley Anne Clark claims of parental kidnapping, reckless endangerment, misappropriation and embezzlement, malicious prosecution, and intentional infliction of emotional harm. For the reasons set forth below, the Court DISMISSES the Complaint.

DISCUSSION

It is well-settled that the Court is required to read the Plaintiff's pro se Complaint liberally. See Hughes v. Rowe, 449

U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). In addition, the Court must weigh the factual allegations in the Complaint in favor of Plaintiff. See Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10.

To the extent that Plaintiff attempts to remove cases filed in a Wyoming State court, this Court does not have jurisdiction over such actions. See 28 U.S.C. § 1441(a). Pursuant to the removal statute, defendants in state court actions may remove such actions to the district court "embracing the place where such action is pending." Id. Accordingly, because the action is pending in a Wyoming state court and not in a state court located within the Eastern District of New York, the Wyoming actions are not removable to this Court.

## CONCLUSION

For the reasons stated herein, the Complaint is DISMISSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J

Dated: Central Islip, New York
       December 7, 2007